May it please the Court, Dean Niro on behalf of NetAeris. Given the critical legal errors that occurred in this case, this case cannot be characterized as an example of how patent litigation, the patent litigation system functions as it should. This is a split verdict. There is no unanimous decision on any issue. Yeah, but I thought you stipulated two split verdicts. So why is that, the fact that it was a split verdict relevant to anything? It shows how the legal error in this case impacted the final decision in this case. Let me get to the legal error and I want to start with the proposition that new trials warranted because of two critical errors with respect to the jury instruction. The first is the jury instruction dealing with written description. And that's the model jury instruction from the Northern District of California that has ambiguous and incomplete language. We contend that the instruction is going to cause errors in other cases and that's why this Court should give a good hard look at that instruction. The jury in this case was confused. They had questions. They didn't know what to look at. And that's demonstrated by the fact that the jury asked the question right off the bat. They didn't know, they wanted help in knowing what to look at. They didn't know if they could look at the written description only, the drawings, the claims. They wanted guidance because the initial instruction didn't give them that guidance. Okay, isn't that an example of how the process is supposed to work? I mean, often, you know... Well, the process is supposed to work, but if they had that initial instruction that was more consistent with the case of Cato, which describes... that the jury should look at the words of the application, the drawings, the figures, and it goes on to say et cetera. So you look at the case of Cato, that tells the jury specifically what to look at. And the problem with the instruction was compounded by the answer... Could you just point me to something that shows what instruction was given and what instruction you say should have been given so that I'm looking at it as you're talking? The instruction that was given is cited... is at A11897. Excuse me, Your Honor. It's 11899. And then the competing instruction is 11897. 11? A11897 is the competing instruction proposed by NEDERIS. And 11899 is the instruction that was objected to by NEDERIS. But that will show you the language. The 899, so it has some red in it. What's the red signifying? That was the language that was added and proposed by NEDERIS. And that was rejected? That was rejected. Okay, so what in this language was crucial to an evidentiary dispute in the case? That isn't, and why is whatever that is not covered by other language? The language in A11897... Oh, I'm sorry, that doesn't have any red on it. Okay, that's the instruction that was proposed by NEDERIS. And if you look at the last paragraph, it says the written description requirement may be satisfied by the combination of the words, structures, figures, diagrams, formulas, etc. contained in the... Are we back on 897 now? I'm sorry, this is very confusing. That's on 11897 and continues on to 11898. And that one is what you proposed and the judge declined to give? That's correct. Let's first talk about what the judge did give, what you objected to, what you think it should have been modified to say besides throw it out and use the other one. I'm trying to get extremely concrete about what the dispute is here. If you look at page 18, the instruction that was read is page 18 of the blue brief. That has the instruction that was read at trial. Okay. And it says that the instruction refers to the patent application. And there are several instances where the instruction refers to the patent application as originally filed. But the jury was not clear as to what they should look at in that original patent application. And if you look at the question that came from the jury, it says, does the term written description asked in question four of the jury verdict refer to the words within the section termed detailed description? And then that refers to on pages 1306 through 0012 of patent 380 or the words within the claims of the same patent. The jury was asking for guidance. And this is where further error occurred. So the jury's question, tell me if I understand this, was not in fact about the application. It was about the issued patent. Is that right? It was about the issued patent. And with your agreement, the judge submitted a response limited to the issued patent, which simply cannot include unissued original application claims. So that was simply not about the question of original application claims. That's correct. But the jury was also asking, what do we look at? They wanted guidance as to what we look at. Do we look at just the written description? Or do we look at the drawings? Or do we look at the claims? Can I ask you something? This trial went on for a while, right? It was a week-long trial. And I presume on these issues, these were the issues that were in dispute. So we had witnesses talking about the written description and so forth. And I presume to the extent that these drawings or whatever are relevant to the analysis of that issue, they were referred to by the witnesses and discussed and so forth. Am I right about that? That's correct. And this is, we feel, key, and we tried to focus this in our brief. What convinced the court to draft an instruction about the original claims? It was Apple's statement that the original claims are not part of the written description. And that's at A1522-23. So Apple argued that the original claims are not part of the written description, or the original claims are not part of the written description, which is clear and fundamentally wrong. That's why immediately after, there was a short break after the court read the instruction, that we went and got case law to support the position and went back to the court and presented them with the case of Hyatt v. Boone and Northern Telecom that stands for the proposition that the original claims can be considered as part of the written description. I would say that that was flawed. I haven't seen how it would make a difference unless it was clear that the claims that were in suit required an interpretation without being limited by the written description. It's not at all unusual to see unusually broad claims filed with the initial specification. So don't you have to take that next step before finding some fatal flaw in that instruction? If you look at the original claims, these claims were directed specifically to some of the same arguments that were made here. They were directed to the power level, and the power level being higher when you connect to a cellular network or what they in the patent term a local area network. But that was in your claims as granted also. That's correct. The claims granted, but they were also in the original claims, which would help the jurors. The original claims would help the jurors link the pieces together, and that's our contention. And that's where we say the error in not directing the jury to look at the legal claims by directing the jury to not look at the claims, and that could be seen as to not look at any claims. I'm trying to understand what you're relying on in the original claim that was not in the claims as granted, and that aspect was fundamental, so that appears throughout. Well, what's in the original claims versus what was granted and what's different? Why this was a fatal flaw is what I want to understand. Well, I disagree that it would be a fatal flaw, because if you look at the original claims, and the original claims have in them the language of PDA functionality. They have email functionality, which are part of the elements that were argued at trial as not being satisfied by the written description. Well, not really. As I understand the issue at trial and the written description question, it involves whether the claims described a handset that has email capability. And I understand that one of the original claims refers to email programs, but that was on the microprocessor means, which is part of the computer system. So I don't see how that helps you with the handset question, which seems to have been central in terms of your losing the written description. We contend that in the original claims, that that describes the microprocessor, and the original claims also talk about a handset. They talk about a system, including a microprocessor in Claim 5, and if you look at Claim 7, it talks about a dependent claim, a dependent element or a limitation on that is the handset. You had a week-long trial. Did you offer up, did your experts talk about these original claims and what was in them and how they provided support for a description? The expert provided testimony about the preliminary amended claims, which had a very similar language, so there was testimony about that. And the jury heard testimony about the claim elements and how they... The preliminary amended claims, so there's original claims, then there's preliminary amended claims, and then another set of claims, which are... The claims that issued. Okay, so if you think the original claim language is so instrumental or probative of the question of written description, why wasn't there testimony about that language? There was closing argument where there was direction to look at the claims. There was testimony about the claim elements, the same claim elements that are in the original claims, that are in the preliminary amended claims. There was testimony about the specification. The jury was looking at how do we link this together. And that's the question, and the answer specifically directing the jury away from the written description is where we say the fundamental error lies. I'd like to continue... Well, your time's getting short. You're already on rebuttal. If you want to spend a couple minutes on obviousness, is that the other main issue you had to discuss this morning? Yes, if I could. If I could do that now or should I wait for rebuttal? Why don't you spend a couple minutes on that and then we'll restore your rebuttal. Now, obvious is clearly, in this case, clearly a legal question. There's no dispute as to what the prior art shows. Everybody says, both parties agree, that the prior art teaches that the communication with the GSM standard teaches that the communication is controlled by the base station, not the handset. If you look at the claims, and what this really amounts to is it folds into a legal claim construction argument. I'm confused about this. Your argument heading for, as a matter of law, a trial court committed legal error on the issue of obviousness, and you have two subheadings, and each one of them, two and only two subheadings, and each one of them is about a question that we've repeatedly described as a fact question, what the prior art teaches and whether there was a motivation to combine. So, where is the legal issue that you have presented in your blue brief that, yeah, where is the legal issue that you have presented? The legal issue is the underlying determination of obviousness is a legal determination. When there's no factual dispute as to how the prior art operates, then it has to fold into a legal question. There's no factual dispute. The parties don't dispute how the GSM standard operates. They both say that it teaches that communication is controlled by the base station, and if you look at the claims, the claims are pretty clear that it's a method for using said handset to communicate selectively. Throughout trial, both experts applied the plain and ordinary meaning. In fact, if you look at what Ned Aris' expert agreed to with respect to the claim construction, that's at A1283, it says, Ned Aris' expert said, the language of the patent requires that the handset selectively communicate between the two different networks. It has to be the handset that does that. That's the testimony of Ned Aris' expert. To sum it up, both Ned Aris' expert and the trial court agreed to that construction. It's not until Apple realized in this appeal that there's no dispute, no fundamental dispute as to what the GSM standard and how it operates, that they tried to change the claim construction. Thank you. We'll restore two minutes for free public comment. May it please the court. I'd like to begin where Your Honor started. This case does, we believe, illustrate, perhaps for once, the patent litigation system working as it should. It was a six-day trial, skilled attorneys, experts on the relevant issues. The jury sat four days of deliberating, asking substantive questions, good questions, and then they ruled. And what they ruled on were factual questions that are at the heart of Apple's defenses here. The jury instruction dispute is not a jury matter. That is, it's not a factual determination made by the jury. So can you address whether there was, in fact, an error in the jury instruction preserved and prejudicial? There was no error in the model instructions given California and Northern District instructions. It would be surprising if there was one, but there wasn't one. If there was an error, we have not been apprised of what it might be, because the only preserved objection here, Your Honor, and this is at 12.875, was a very general objection to using rules. They never laid out what it was they wanted, and I think that's why you were sort of kind of struggling to pin it down. They never have proposed an explanation or description of the instruction that they want, and they talked a lot about the original claims, and I can talk about that in a second. Well, I thought one of the things, maybe I just got it from the briefs, was that they did ask, they wanted the jury to be directed to consider the words, structures, figures, diagrams, formulas of the patent. Did they not request the patent? That part they did request, yes. Okay. Yes. And we reproduced in our brief the part where the jury was told exactly what they've asked. I mean, the jury was told to look at the figures. Their complaint is that the jury was not directed to the original claims, but they never proposed an instruction that would have done that. Well, how did it come up? Obviously, there was some objection and some discussion about it. Yes, there was a discussion. It was discussed, but then they agreed to the response to the jury's questions, if that's the part of the litigation we want to focus on. They were happy with the response that the judge handed over. I thought initially there was a stipulation, but then I thought after that they raised it again with the district judge. Yes, and an hour passed and they changed their mind, but they never proposed an actual instruction at that point. And it goes to what you were talking about before. It was new to the case. The judge had not… Well, I don't understand what it means to they never proposed another instruction. I'm sorry. I just mean as we were looking at earlier in this case. They didn't write out, here's… Right, but if they did say, I mean it was clear there was no ambiguity what they wanted, which was simply that the written description requirement could be satisfied by the original claims. They proposed that, whether they wrote it out, that's what they proposed. That's what they were starting to get at. Yes, and I suppose you're right, but the district court has the discretion when it comes to jury instructions to decide what's helpful to the jury and what's not. And as I think you were alluding to earlier, this came out of left field and he just felt that it wasn't, that the instruction part of the litigation doesn't give enough bandwidth to explain to the jury what they were supposed to do. Does that or does that not contain any language about the original claims being a basis for support of the issued claims? I don't think it does, but maybe I'm missing something. I think that's exactly right. No, I don't think it does either. They talk about amending claims and changing claims in their proposed instruction at 11897. As did the instructions that was granted, though perhaps not quite as… It's not as fulsome on the point. Well, yes, they do talk about the written description requirement ensures that the issued claims correspond to the scope of the written description that was provided in the original application, but not the original claims. I think the clearest way to see the written description instruction is to go to the transcript, which is at appendix 1414. And that's at the bottom of that page. And he doesn't do anything about changing it. Right, so this is the restored Northern District of California instruction, right? The one that has the red restoration that they proposed without deleting. Yes, exactly. So what they were asking for and didn't get was to suggest to the jury, go read the original claims. Now, those original claims, as you were also talking, actually don't help them remotely on the PDA or on the email functions because you don't see those words in the original claims. And also, I can parse the language for you, it actually doesn't help them either on the transcript claim. And it's not me just talking, their experts said the same thing, and that's at 1292. There's no email or PDA in the original claims. So I'm happy to keep talking about the instructions, but I do think it's a useful… I don't know why we're talking about this issue, it's because this court has made clear to this community that the written description is a vital requirement of the patent system. Can I ask you, did you argue to the district judge that support of the issued claims in the original claims was not either enough or relevant? I think the way we put it is that the subsequent claims had to be within the same scope as the original claims. And the district court sort of pumped it on the question of exactly how original claims should work. But your Honor's opinion, I think, has laid out the correct rule, which is if it's ambiguous, you can certainly go to original claims to help you figure out what was invented. So your principal argument, and as I remember the district judge's principal point on this, is that there really wasn't a focused, record-supported dispute about the original claims. And so any… For the instruction issue. In the trial, and therefore there wasn't really any need to give an instruction about the original claims. Exactly, and obviously at this level there's a deference component to that judgment by the district court who sat through this extended trial about what the trial was about. And it's appendix 2603. They did not argue original claims 7 to the jury or highlight it in trial testimony. This is what your Honor was asking about. And they just were not the theory of the case. And by way of background, it was Apple who introduced the original claims into this case because they just confirmed what this patent is about. Which is about a computer system and a low-power handset. It's not about a handset with all these advanced features. So the original claims came from us to confirm what the specification was about. So this is just, it wasn't that part of their affirmative case at all. It was part of our affirmative case. So, I mean, the specification does talk about email, it does talk about PDA, it does talk about the transmitted power levels, but it's always in the context of this notebook. Should I move on to obviousness? I'm here for you, Your Honor, but it's been up to you.  The jury, of course, also found these patents obvious. We quoted the cases, as Your Honor was discussing. It's a factual finding of the prior art. There's a nice picture of the Nokia 9000 phone at Appendix 7133. We'll all remember it. It's a phone. It can do PDA. It can act as an assistant. It can act as an email. You can also talk on the phone with it. There's a very technical dispute. It's all come down to just one reading of the claim, really. But, again, it's a new claim, as we pointed out, a new argument, as we pointed out in our brief. It's just not what it meant. I don't know if you're still reading, but I'm happy to... I'm catching up on the news in San Francisco in 1996. No, it's a great picture. Where is it? It's at 7133. I do like that picture a lot. Just so you know, Judge, there's two pictures of the phone in that picture. Don't be confused. It's a little confusing. The camera lens might have been better to show. Yeah, exactly. But here, all this... All even the amended claims are shown in this picture, because there you have the handset that can do the email, that can do the digital, and it's on this GSM network, which does the transmit power selection. So it's straight on. And we have the jury finding, which this court refers to. Thank you. I don't know for that picture. Two minutes. Three minutes. Very briefly. I'd first like to address the question on waiver of the answer to the court's... the court's answer to the jury's question. If you refer to A26, which is the court's denial of the motion for a new trial, the court says, Netteris requested an additional instruction that the written description requirement can be satisfied by the claims filed in the original application. The court declined to give this original instruction. So the court had an instruction and declined to give it in its own words. I'd like to also address the question, did Apple argue to the court that the original claims are not relevant to the written description requirement? And I'd like to refer you to A1522 to 1523. Is that the passage where... Yes. Scalise, is that his name? Scarzi. Scarzi, sorry. Says that the original claims are not part of the written description. That's correct. That doesn't quite say they're not relevant to the written description inquiry, does it? Well, they're not part of the written description. But they are relevant. They are part of the written description. They are part of the written description determination. I see what Your Honor is saying. But we were arguing, if you look at what I was arguing above, it says I think the jury is asking for some clarification and some instruction as you look at the original application, which includes all aspects of the application. That would include the entirety of the written patent, including the abstract. It would include the drawings and also the claims as originally filed as part of the written description of the patent. And the court said, I understand. Do you agree, Mr. Scarzi? And that's where he responded. So it's our contention that it was based on a representation that the original claims were not part of the written description requirement. Okay. In conclusion, we'd ask that the court grant that there is a new trial with respect to the issues of the jury instruction and reverse the finding of violations. Thank you. Thank you.